# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| NATALIE DAWN BINGHAM, M.D., *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | CASE NO. 2:25-cv-00163-RMG |
| ) | |
| v. ) | |
| ) | |
| ALAN McCRORY WILSON, in his official ) | |
| capacity as Attorney General of South Carolina, *et* ) | |
| *al*., ) | |
| ) | |
| *Defendants*. ) | |

## PLAINTIFF JANE DOE'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM AND FOR A PROTECTIVE ORDER

Plaintiff Jane Doe, M.D., M.P.H.,[1] by and through her undersigned counsel, respectfully moves this Court for leave to proceed under a pseudonym and for a protective order, pursuant to Federal Rule of Civil Procedure 26(c), limiting disclosure of her identity to counsel for Defendants and this Court.

This case, filed on behalf of several physicians in South Carolina, seeks injunctive and declaratory relief against South Carolina's Abortion Ban, S.C. Code Ann. §§ 44-41-610–690, insofar as it infringes on Plaintiffs' right to be free from unduly vague laws under the Due Process Clause of the Fourteenth Amendment and to practice their faith under the Free Exercise Clause of the First Amendment. Given the highly sensitive and personal nature of this litigation, the politically contentious subject of abortion, and the significant risk of retaliation against her and her family, extraordinary circumstances support Dr. Doe's motion to proceed pseudonymously.

---

[1] To protect her privacy pending the Court's order on this motion, Plaintiff Jane Doe has used a pseudonym in the Complaint. Should the Court deny this motion, Plaintiff Jane Doe will consider dismissing her claims or amending the Complaint with her name.

1

Generally, Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties." However, it is within this Court's clear discretion to allow a party to proceed pseudonymously "under appropriate circumstances." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *see also B.R. v. F.C.S.B.*, 17 F.4th 485, 493–94 (4th Cir. 2021) (holding that a party's pseudonymous pleading does not deprive a court of jurisdiction). A party's motion to proceed pseudonymously should be granted if there are "compelling concerns relating to personal privacy or confidentiality [that] warrant some degree of anonymity in judicial proceedings . . . ." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).

Courts in the Fourth Circuit consider the following factors when determining whether a party should be permitted to litigate pseudonymously:

- [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
- [W]hether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties;
- [T]he ages of the person whose privacy interests are sought to be protected;
- [W]hether the action is against a governmental or private party; and . . .
- [T]he risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Jacobson*, 6 F.3d at 238. No single factor is determinative, and the factors are non-exhaustive. *See Pub. Citizen*, 749 F.3d at 273; *see also Women's Health Ctr. of W.V. v. Sheth*, No. 2:23-cv-00079, 2023 WL 2054280, at *2–4 (S.D.W.V. Feb. 16, 2023) (granting abortion provider's motion to proceed pseudonymously where many, but not all, of the *Jacobson* factors applied). Additionally, courts must "balanc[e] the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Pub. Citizen*, 749 F.3d at 274.

Here, the *Jacobson* factors weigh strongly in favor of Dr. Doe's motion to proceed pseudonymously. First, Dr. Doe's request to proceed pseudonymously is rooted in her desire to "preserve privacy in a matter of sensitive and highly personal nature," *not* a mere preference for avoiding "the annoyance and criticism that may attend any litigation." *Jacobson*, 6 F.3d at 238. Courts across the country, including within the Fourth Circuit, have recognized that abortion is a "sensitive and nationally contentious topic" that gives rise to legitimate fears of "harassment, threats, or other retaliatory action taken by those that disagree with access to abortion care and [Plaintiffs'] role in providing abortion care." *Women's Health Ctr. of W.V.*, 2023 WL 2054280, at *2; *see also Roe v. Ware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (recognizing abortion as "the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity"); *Richard S. v. Sebelius*, No. C/A No. 3:12-007-TMC, 2012 WL 1909344, at *12 (D.S.C. May 25, 2012) ("Types of cases in which plaintiffs have been permitted to proceed anonymously in other courts include birth control cases, abortion cases, welfare cases involving minors born to unmarried parents, and cases involving issues of homosexuality."). Dr. Doe's occupation as an abortion provider and the subject matter of this litigation underscore the highly sensitive nature of this case and the significance of her privacy interest. *See, e.g.*, *B.R.*, 17 F.4th at 493–94 (affirming district court's order upholding jurisdiction where plaintiff proceeded pseudonymously to protect her "privacy and health" in a case involving rape and sexual harassment).

For similar reasons, disclosure of Dr. Doe's identity would increase the risk of retaliation against herself and others, including her children. Since the Supreme Court overturned *Roe v. Wade*, there has been an increase in violence and harassment against abortion providers across the

country.² As an abortion provider practicing in a state where many people oppose access to abortion care, Dr. Doe's fear of harassment is legitimate, and extends to her children. *See Women's Health Ctr. of W.V.*, 2023 WL 2054280, at *2 (granting abortion provider's motion to proceed pseudonymously where his fear of retaliation was "not limited to himself, but also his family residing in West Virginia, who are innocent non-parties").

Although the third factor—the age of the party who seeks to proceed pseudonymously—does not weigh in favor of Dr. Doe's motion, the fourth factor applies because Dr. Doe is suing the government rather than a private party. "When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016) (citation omitted); *see also Women's Health Ctr. of W.V.*, 2023 WL 2054280, at *3. Here, Dr. Doe sues several government officials in their official capacity and government agencies.

Finally, permitting Dr. Doe to proceed pseudonymously will not result in any prejudice to the Defendants. In addition to her motion to proceed pseudonymously, Dr. Doe seeks a protective order authorizing her to limit disclosure of her identity to Defendants' counsel and the Court. If the Court grants this request, Dr. Doe's identity will be known to the Defendants, allowing them to obtain any information needed to defend this case without public disclosure of Dr. Doe's name. To the extent that information about Dr. Doe's personal beliefs is relevant to this case, that information can be disclosed without revealing her identity. *See, e.g., Women's Health Ctr. of*

---

² *See, e.g.*, Julianne McShane, *Abortion Providers Face Significant Increase in Violence, Report Finds*, NBC News (June 24, 2022), https://www.nbcnews.com/news/us-news/abortion-providers-face-significant-increase-violence-report-finds-rcna35261 (describing a rise in vandalism, assault and battery incidents, and stalking against abortion clinics and staff).

*W.V.*, 2023 WL 2054280, at *3. For the same reason, the public interest in open judicial proceedings does not counsel against granting Dr. Doe's motion. Plaintiff's request is narrowly tailored to prevent only the public disclosure of her identity. The public will retain access to all filings in this lawsuit, with the limited exception of Dr. Doe's identity.

Finally, Dr. Doe seeks a protective order, pursuant to Federal Rule of Civil Procedure 26(c), limiting disclosure of her identity to Defendants' counsel and the Court. Federal Rule of Civil Procedure 26(c) permits the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party. For the reasons explained above, protecting Dr. Doe's identity from public disclosure will protect her and her family from annoyance, embarrassment, oppression, and undue burden because it will protect her privacy in a highly sensitive and personal legal matter.

For the foregoing reasons, Dr. Jane Doe respectfully requests that this Court grant her motion to proceed under a pseudonym and for a protective order limiting disclosure of her identity to Defendants' counsel and the Court.

Dated: January 9, 2025

Respectfully submitted,

*/s/ William N. Nettles*
William N. Nettles (Fed. ID No.: 6586)
bill@billnettleslaw.com
John L. Warren III (Fed ID No.: 12164)
jw@billnettleslaw.com
LAW OFFICE OF BILL NETTLES
2008 Lincoln Street
Columbia, SC 29201
Phone: (803) 814-2826

Rupali Sharma*
LAWYERING PROJECT
443 Western Ave., No. 1025
South Portland, ME 04106
Phone: (646) 490-1219
Fax: (646) 480-4622
rsharma@lawyeringproject.org

Paige Suelzle*
LAWYERING PROJECT
158 SW 148th Street, No. 1198
Burien, WA 98166
Phone: (347) 515-6073
psuelzle@lawyeringproject.org

Anita Yandle*
LAWYERING PROJECT
158 SW 148th Street, No. 1198
Burien, WA 98166
Phone: (646) 480-8942
Fax: (646) 480-8622
ayandle@lawyeringproject.org

Allison Zimmer*
LAWYERING PROJECT
3157 Gentilly Blvd., No. 2231
New Orleans, LA 70122
Phone: (347) 515-6074
Fax: (646) 480-8622
azimmer@lawyeringproject.org

*Motion for admission pro hac vice forthcoming*

*Attorneys for Plaintiffs*

7