IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Natalie Dawn Bingham, *et al.*, <br><br>  Plaintiffs, <br>  v. <br><br> Alan McCrory Wilson, in his official capacity as Attorney General of South Carolina, *et al.*, <br><br>  Defendants. | Case No. 2:25-cv-163-RMG <br><br> **ORDER AND OPINION** |

Before the Court is a motion to intervene by South Carolina Governor Henry Dargan McMaster. (Dkt. No. 26). Plaintiffs responded in opposition (Dkt. No. 53), and Governor McMaster replied (Dkt. No. 57). For the reasons set forth below, Governor McMaster's motion is granted.

**I.    Background**

Plaintiff physicians filed suit against Defendants on January 8, 2025, alleging South Carolina's Abortion Ban is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment and violates Plaintiffs' right to practice their faith under the Free Exercise Clause of the First Amendment. (Dkt. No. 1). Plaintiffs name as Defendants South Carolina's Attorney General, the solicitors of the State's sixteen judicial circuits, the members of South Carolina's Board of Medical Examiners and the members of South Carolina's Board of Nursing. (Dkt. No. 10). Plaintiffs filed their Amended Complaint on January 15, 2025, (*id.*), and Governor McMaster moved to intervene as a Defendant on February 4, 2025. (Dkt. No. 26).

## II.　Legal Standard

Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention. "Intervention of Right" requires the court to permit anyone to intervene upon timely motion who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, to intervene as of right, a movant must show: (1) a timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion for leave to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." *U.S. ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 937 (D. Md. 2004). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right. *See NAACP v. New York*, 413 U.S. 345, 369 (1973).

"Permissive Intervention," on the other hand, allows the court, in its discretion, to permit anyone to intervene upon timely motion who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A district court "has broad discretion in granting permissive intervention" and Rule 24(b) is "construed liberally in favor of intervention." *Backus v. South Carolina*, No. 3:11-CV-03120-HFF, 2012 WL 406860, at *2 (D.S.C. Feb. 8, 2012). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties." Fed. R. Civ. P. 24(b)(3). A court may also allow intervention in the interests of judicial economy

where a common question of fact exist, such that factual determinations by a jury would directly impact the intervening party. *Backus*, 2012 WL 406860, at *2.

### III. Discussion

#### A. Intervention as of Right

##### 1. Timeliness

Timeliness "is to be determined by the court in the exercise of its sound discretion" considering "all the circumstances." *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 366 (1973). The court considers "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014).

Governor McMaster filed his motion for intervention less than one month after Plaintiffs filed their Amended Complaint, and prior to any Defendant filing a response to Plaintiffs' Amended Complaint, which are due on or before March 24, 2025. (Dkt. No. 16). No prejudice or delay would result in allowing Governor McMaster to intervene at this juncture in the case. The motion to intervene is timely.

##### 2. Interest in the Litigation

Governor McMaster cites his constitutional duties—specifically, his "obligation to sign or veto legislation" and "take care that the laws be faithfully executed"—as "significant interests" warranting intervention as of right pursuant to Fed. R. Civ. P. 24(a). (Dkt. No. 26 at 5). He also emphasizes that he is "a longtime proponent of protecting the right to life," emphasizing his role defending a 2021 abortion statute. (*Id.* at 6).

Plaintiffs argue that the Governor lacks a significantly protectable interest in this lawsuit, arguing that "[c]ourts routinely deny government officials' motions to intervene when they express

3

a vague desire to defend laws based solely on their 'status' as state actors." (Dkt. No. 53 at 5) (citing *Middleton v. Andino*, 481 F. Supp. 3d 563, 569 (D.S.C. 2020)); *see also id.* at 6 ("[A] legislator's personal support of the challenged legislation does not give him or her an interest sufficient to support intervention") (quoting *S.C. Elec. & Gas Co. v. Whitfield*, No. 3:18-cv-01795-JMC, 2018 WL 3470660, at *3 (D.S.C. Jul. 18, 2018)).

In *Middleton*, plaintiffs sought declaratory and injunctive relief from absentee voting requirements imposed by the South Carolina legislature during the COVID-19 pandemic. 481 F. Supp. 3d at 566. The South Carolina House of Representatives Speaker and Senate President sought to intervene as Defendants notwithstanding that the Executive Director, Chairman, and two members of the state's election commission had been named as Defendants. *Id.* at 565. The court determined that the proposed intervenors' status as legislators "alone does not meet the requirements to intervene as a matter of right," also noting that the statute did not "create[] an explicit right to intervene." *Id.* at 569-70. However, the court permitted the Speaker and Senate President to intervene permissively, citing "the liberal policy allowing intervention," lack of prejudice to the existing parties and common question of law between the parties. *Id.* at 571.

Similarly here, the challenged statute does not mandate intervention as of right by state officials, and Governor McMaster's support of the challenged legislation and status as a government official "alone do[] not meet the requirements to intervene as a matter of right." *See Middleton*, 481 F. Supp. 3d at 569. As a result, the Court need not address the remaining two factors in the intervention of right analysis, and proceeds to consider whether Governor McMaster may permissively intervene pursuant to Fed. R. Civ. P. 24(b).

### B. Permissive Intervention

"Permissive intervention [under Rule 24(b)] is left to the broad discretion of the Court and should be construed liberally in favor of intervention." *Savannah Riverkeeper v. U.S. Army Corps of Eng'rs*, No. CV 9:12-610-RMG, 2012 WL 13008326, at *2 (D.S.C. Aug. 14, 2012). "Among the factors a Court should consider in passing upon a motion for permissive intervention includes (1) the timeliness of the motion; (2) the presence of a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice the original parties." *Id.*

The Court finds that each factor weighs in favor of granting Governor McMaster's motion for permissive intervention. The Court has determined that the motion is timely. Governor McMaster seeks to defend the constitutionality of the law challenged by Plaintiffs, so there undeniably is a common question of law. *See Middleton*, 481 F. Supp. 3d at 571. Fed. R. Civ. P. 24(b)(2)(A) provides that "the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on . . . a statute or executive order administered by the officer or agency." As to the third factor, the Court considers that the existing parties will not be prejudiced because the case is at its nascent stage, and the deadline for existing Defendants to respond to Plaintiffs' Amended Complaint has not passed. (Dkt. No. 26 at 10-11). Governor McMaster avers that his intervention "will not require extending [the existing deadlines] or delaying these proceedings in any way." The Court finds that no prejudice or undue delay would result from permitting his intervention.

### IV. Conclusion

In light of the foregoing, Governor McMaster's motion for permissive intervention pursuant to Fed. R. Civ. P. 24(b) is granted.

**AND IT IS SO ORDERED.**

          s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

February 25, 2025
Charleston, South Carolina