**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Natalie Dawn Bingham, *et al.*, | Case No. 2:25-cv-163-RMG |
| Plaintiffs, | |
| v. | |
| Alan McCrory Wilson, in his official capacity as Attorney General of South Carolina, *et al.*, | **ORDER AND OPINION** |
| Defendants. | |

Before the Court is Plaintiff Jane Doe's motion to proceed under a pseudonym and for a protective order limiting disclosure of her identity to counsel for Defendants and this Court pursuant to Fed. R. Civ. P. 26(c). (Dkt. No. 5). Defendants and Intervenor-Defendant oppose Plaintiff's motion. (Dkt. Nos. 61, 62). Plaintiff replied. (Dkt. No. 66). For the reasons set forth below, the Court grants Plaintiff's motion.

## I.      Introduction

Plaintiff physicians filed suit against Defendants on January 8, 2025, alleging South Carolina's Abortion Ban is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment and violates Plaintiffs' right to practice their faith under the Free Exercise Clause of the First Amendment. (Dkt. No. 1). Plaintiffs filed an Amended Complaint on January 15, 2025. (Dkt. No. 10). Plaintiff Doe now moves this Court to permit her to proceed under a pseudonym and for a protective order limiting disclosure of her identity to Defendants and this Court, citing her fear of retaliation against herself and her children were she to be named as a plaintiff in this action. (Dkt. No. 5).

1

II.     **Legal Standard**

A.  **Motion to Proceed Pseudonymously**

There is a "presumption" that parties must sue and be sued in their own names. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *see also* Fed R. Civ. P. 10(a) (providing that "[t]he title of the complaint must name all the parties"). This stems from the recognition that "[p]seudonymous litigation undermines the public's right of access to judicial proceedings" because "[t]he public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) (internal citations omitted). For that reason, few cases warrant anonymity, and few litigants request it. *See Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023) (noting that litigant anonymity should be "rare" and justified by "exceptional" circumstances (emphasis removed)).

The Fourth Circuit has outlined "guideposts for resolving requests to proceed anonymously" "based on the circumstances of particular cases." *Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024).   These "five nonexhaustive factors" include: (1) the reason the requesting party seeks anonymity—specifically, whether "to avoid [] annoyance and criticism" or "to preserve privacy in a matter of [a] sensitive and highly personal nature"; (2) whether denying anonymity "poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties"; (3) "the ages of the persons whose privacy interests are sought to be protected"; (4) "whether the action is against a governmental or private party"; and (5) "assessing the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238.

### B.  Motion for a Protective Order

Courts are empowered to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion by a party. Fed. R. Civ. P. 26(c).  Rule 26 also "provides for broad discovery." *Nallapati v. Justh Holdings, LLC*, 2022 WL 274405, at *2 (E.D.N.C. Jan. 28, 2020); *see also* Fed. R. Civ. P. 26(b)(1). Therefore, the "standard for issuance of a protective order is high." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009). "A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden." *Artis v. Murphy-Brown LLC*, 2018 WL 3352639, at *2 (E.D.N.C. July 9, 2018).  [C]ourts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause. This recognizes that the existence of good cause for a protective order is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action.  8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FED. PRACTICE & PROCEDURE § 2035 (2d ed. 2009).

### III.  Discussion

Plaintiff cites "the highly sensitive and personal nature of this litigation, the politically contentious subject of abortion, and the significant risk of retaliation against her and her family, [and] extraordinary circumstances" in moving to proceed under a pseudonym. (Dkt. No. 5 at 1). Defendants argue that Plaintiff cannot overcome the presumption of open judicial proceedings where she has not offered any specific evidence as to a risk of retaliation to her and her family; where she makes no attempts to disguise her practice; and where the four other plaintiff-medical providers have opted not to proceed under pseudonyms. (Dkt. No 61 at 4-5; Dkt. No. 62 at 3).

3

A district court in this Circuit addressed a motion to proceed under a pseudonym in *Women's Health Center of West Virginia v. Sheth, et al.*, No. 2:23-CV-00079, 2023 WL 2054280 (S.D.W. Va. Feb. 16, 2023). There, a plaintiff-physician sought to proceed under a pseudonym and obtain a protective order placing his identity under seal to the public in his suit against government officials contesting the constitutionality of an abortion statute. *Id.* at *1. He cited specific threats against the women's health clinic where we worked as well as "the national history of harassment and violence towards abortion care providers" as support for his motion, in addition to retaliation within his profession and against his family members. *Id.* The district court found that the plaintiff's interest in privacy and fear of retaliation "strongly counsel[ed] in favor of allowing [him] to proceed anonymously"—emphasizing that the plaintiff's concern was genuine "not just in a general sense, but also specific to the [Women's Health Clinic] in West Virginia, including the presence of armed protestors outside of the [clinic]." *Id.* at *2. The court also noted that "claims against the government are more likely to be able to proceed in anonymity, because 'actions against the government do no harm to its reputation.'" *Id.* The court found that the risk of prejudice to the defendant government actors was minimal where plaintiff's identity was "irrelevant to the 'purely legal' merits of this case" and "[t]o the extent [plaintiff's] qualifications or history are relevant, they can be discussed without revealing his identity." *Id.* (quoting *Doe v. Alaska*, No. 96–35873, 1997 WL 547941, at *1 (9th Cir. Sept. 2, 1997)). The court found the third factor—the plaintiff's age—to be neutral. *Id.*

Here, the Court finds the five factors weigh in favor of Plaintiff's motion to proceed under a pseudonym and for a protective order to seal her identity to the public. *See Doe*, 85 F.4th at 212 (explaining that the Fourth Circuit has "only required that district courts *consider* the *James* factors, and we have not prescribed any particular weight to any individual factor" but rather

4

"entrusted district courts to consider each case individually to discern which factors should -- in their discretion -- weigh most heavily.") (emphasis in original).  Abortion is undeniably a divisive personal and political issue.  Doctors and clinics who provide medical care have long been targets of harassment, and the Court finds Plaintiff's expressed concern of retaliation against herself and her children compelling where she has been the target of threatening mail and doxing by anti-abortion activists. (Dkt. No. 66 at 4).  For the same reason, the Court finds the second factor—the risk of physical or mental harm to plaintiff and to her children—weighs in favor of allowing her to proceed anonymously.  The third factor is neutral as to Plaintiff, but the Court considers that it weighs in her favor given her desire to protect her children from harassment and retaliation by remaining anonymous.  The fourth factor weighs in Plaintiff's favor because "[a]ctions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012).  Finally, the Court does not find a threat of prejudice to Defendants by allowing Plaintiff to proceed anonymously because Plaintiff will disclose her identity to Defendants, which does not threaten to hobble Defendants' discovery efforts.  The public will retain access to all judicial records in this case with the exception of Plaintiff's identity.  Based on the circumstances of this case, the Court finds that Plaintiff's stated interests in protecting herself and her family against retaliation and harassment can be balanced with the public's interest in the openness of judicial proceedings by granting Plaintiff's motion to proceed under a pseudonym and for a protective order limiting disclosure of her identity to counsel for Defendants and this Court.

## IV.     Conclusion

In light of the foregoing, Plaintiff's motion is **GRANTED**.

**AND IT IS SO ORDERED.**

5

_s/ Richard M. Gergel____

Richard Mark Gergel
United States District Judge

March 11, 2025
Charleston, South Carolina