## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| NATALIE DAWN BINGHAM, *et al.*,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>ALAN MCCRORY WILSON, in his official capacity as Attorney General of South Carolina, *et al.*,<br><br>      *Defendants*,<br><br>and<br><br>HENRY DARGAN MCMASTER, in his official capacity as Governor of the State of South Carolina,<br><br>    *Intervenor–Defendant*. | Civil Action No.: 2:25-cv-163-RMG<br><br><br>**ANSWER TO**<br>**AMENDED COMPLAINT** |

Henry Dargan McMaster, in his official capacity as Governor of the State of South Carolina; Alan Wilson, in his official capacity as Attorney General of the State of South Carolina; David Pascoe, in his official capacity as Solicitor for South Carolina's First Judicial Circuit; Bill Weeks, in his official capacity as Solicitor for South Carolina's Second Judicial Circuit; Mike Burch, in his official capacity as Solicitor for South Carolina's Fourth Judicial Circuit; Randy E. Newman, Jr., in his official capacity as South Carolina's Sixth Judicial Circuit; Barry Barnette, in his official capacity as Solicitor for South Carolina's Seventh Judicial Circuit; David Stumbo, in his official capacity as Solicitor for South Carolina's Eighth Judicial Circuit; Micah Black, in his official capacity as Solicitor for South Carolina's Tenth Judicial Circuit; Rick Hubbard, in his official capacity as Solicitor for South Carolina's Eleventh Judicial Circuit; Edgar L. Clements, III, in his official capacity as Solicitor for South Carolina's Twelfth Judicial Circuit; W. Walter

Wilkins, in his official capacity as Solicitor for South Carolina's Thirteenth Judicial Circuit; Jimmy Arthur Richardson, II, in his official capacity as Solicitor for South Carolina's Fifteenth Judicial Circuit; and Kevin S. Brackett, in his official capacity as Solicitor for South Carolina's Sixteenth Judicial Circuit (collectively, "Defendants"), answer Plaintiffs' Amended Complaint (ECF No. 10). Defendants' responses are made without waiving, and expressly reserving, all rights they have to file dispositive motions addressed to some or all of the claims asserted in the Amended Complaint.  Except as expressly and specifically admitted, qualified, or explained herein below, Defendants deny each and every allegation in the Amended Complaint. With respect to the numbered paragraphs of the Amended Complaint, Defendants respond as follows:

## **FOR A FIRST DEFENSE**

### **Introduction**[*]

1.    Defendants lack knowledge or information regarding the allegations in this Paragraph and therefore deny these allegations.

2.    Defendants lack knowledge or information regarding the allegations in this Paragraph and therefore deny these allegations.

3.    South Carolina enacted 2023 S.C. Acts No. 70 ("2023 Act"), which protects unborn life and establishes civil and criminal penalties for a physician or professionally licensed person who violates the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph and footnote one. *See Planned Parenthood S. Atl. v. State*, No. 2024-000997, 2025 WL 1387502 (S.C. May 14, 2025) ("*Planned Parenthood III*") (rejecting a nine-week interpretation of the 2023 Act).

---

[*] Defendants include Plaintiffs' headings for the reader's convenience only and deny any allegations supposedly contained in these headings.

4.     The 2023 Act establishes certain exceptions to its general prohibition on performing abortions of an unborn life after a fetal heartbeat is detected. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

5.     Defendants deny the allegations in this Paragraph.

6.     Defendants deny the allegations in this Paragraph.

7.     Defendants deny the allegations in this Paragraph.

8.     Defendants deny the allegations in this Paragraph.

9.     The United States Supreme Court has "return[ed] the issue of abortion to the people's elected representatives." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 232 (2022). Except as expressly admitted, Defendants deny the allegations in this Paragraph.

10.     Defendants admit that Plaintiffs seek certain relief, but Defendants deny that Plaintiffs are entitled to any relief. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

11.     Defendants admit that Plaintiffs seek certain relief, but Defendants deny that Plaintiffs are entitled to any relief. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

## Jurisdiction, Venue, and Right of Action

12.     Defendants admit that Plaintiffs claim to enforce certain rights under federal law. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

13.     Defendants admit that federal law authorizes this Court to award declaratory and injunctive relief in limited circumstances when the Court's jurisdiction is properly invoked. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

14.     Defendants admit that venue is proper.

3

**Parties**

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations. To the extent allegations are contained in footnote two, which appears after Paragraph 14 and before Paragraph 15, Defendants deny these allegations.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of this Paragraph and footnote three and therefore deny these allegations. Defendants deny the allegations in the final sentence of this Paragraph and footnote four.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, as well as footnotes five, six, and seven, and therefore deny these allegations.

18.     Defendants deny this Paragraph to the extent it characterizes an abortion that is illegal under the 2023 Act as "healthcare." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny these allegations.

19.     Defendants deny the allegations in this Paragraph.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

24.     Defendants deny the allegations in this Paragraph.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

28.     Defendants deny the allegations in this Paragraph.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

31.     Defendants deny the allegations in this Paragraph.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

34.     Defendants deny the allegations in this Paragraph.

35.     Defendants admit the allegations in this Paragraph.

36.     Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting

attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

37.    Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

38.    Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

39.    Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

40.    Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

41.    Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

42.    Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-

680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

43.     Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

44.     Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

45.     Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

46.     Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

47.     Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

48.    Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

49.    Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

50.    Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

51.    Defendants deny this Paragraph's characterization of S.C. Code Ann. § 44-41-680(C)(3) to the extent it ignores subsection (C)(3)'s requirement that any solicitor or prosecuting attorney bringing a cause of action for injunctive relief under the 2023 Act must have "proper jurisdiction." Except as expressly denied, Defendants admit the allegations in this Paragraph.

52.    Defendants admit the allegations in this Paragraph.

53.    Defendants admit the allegations in this Paragraph.

54.    Defendants admit the allegations in this Paragraph.

55.    Defendants deny that Richard Howell, M.D., is a member of the South Carolina Board of Medical Examiners, upon information and belief. Except as expressly denied, Defendants admit the allegations in this Paragraph.

56.    Defendants admit the allegations in this Paragraph.

57.    Defendants admit the allegations in this Paragraph.

58.    Defendants admit the allegations in this Paragraph.

59.    Defendants admit the allegations in this Paragraph.

60.    Defendants admit the allegations in this Paragraph.

61.    Defendants admit the allegations in this Paragraph.

62.    Defendants admit the allegations in this Paragraph.

63.    Defendants admit the allegations in this Paragraph.

64.    Defendants admit the allegations in this Paragraph.

65.    Defendants admit the allegations in this Paragraph.

66.    Defendants admit the allegations in this Paragraph.

67.    Defendants admit the allegations in this Paragraph.

68.    Defendants admit the allegations in this Paragraph.

69.    Defendants admit the allegations in this Paragraph.

70.    Defendants admit the allegations in this Paragraph.

71.    Defendants admit the allegations in this Paragraph.

72.    Defendants admit the allegations in this Paragraph.

## Factual Allegations

73.    The 2023 Act protects unborn life from approximately six weeks of pregnancy. *See Planned Parenthood III*, 2025 WL 1387502. Except as expressly admitted, Defendants deny the allegations in this Paragraph and the preceding heading.

74.    The 2023 Act establishes certain exceptions to its general prohibition on performing abortions after a fetal heartbeat is detected. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

75.     Defendants admit that the General Assembly passed the 2023 Act on May 23, 2023, that the Governor signed it into law upon presentment on May 25, 2023, and that the S.C. Supreme Court has decided multiple abortion cases. Except as expressly admitted, Defendants deny the allegations in this Paragraph, the preceding heading, and footnote eight.

76.     This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

77.     This Paragraph appears to accurately summarize the 2023 Act, but "the intent of the Legislature governs in construction of statutes," *S.C. Mental Health Comm'n v. May*, 226 S.C. 108, 116, 83 S.E.2d 713, 717 (1954), and Defendants deny any characterization of the 2023 Act that is inconsistent with that intent.

78.     This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

79.     This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

80.     This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

81.     This Paragraph and footnote nine accurately quote the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph, the preceding heading, and footnote nine.

82.     This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

83.     This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

84.    This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

85.    This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

86.    This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

87.    This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

88.    This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

89.    This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

90.    This Paragraph appears to accurately summarize the 2023 Act, but "the intent of the Legislature governs in construction of statutes," *S.C. Mental Health Comm'n v. May*, 226 S.C. 108, 116, 83 S.E.2d 713, 717 (1954), and Defendants deny any characterization of the 2023 Act that is inconsistent with that intent.

91.    This Paragraph appears to accurately summarize the 2023 Act, but "the intent of the Legislature governs in construction of statutes," *S.C. Mental Health Comm'n v. May*, 226 S.C. 108, 116, 83 S.E.2d 713, 717 (1954), and Defendants deny any characterization of the 2023 Act that is inconsistent with that intent.

92.    This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph and the preceding heading.

93.    This Paragraph accurately quotes the 2023 Act. Except as expressly admitted,

Defendants deny the allegations in this Paragraph.

94.     This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

95.     This Paragraph appears to accurately summarize the 2023 Act, but "the intent of the Legislature governs in construction of statutes," *S.C. Mental Health Comm'n v. May*, 226 S.C. 108, 116, 83 S.E.2d 713, 717 (1954), and Defendants deny any characterization of the 2023 Act that is inconsistent with that intent.

96.     This Paragraph appears to accurately summarize the 2023 Act, but "the intent of the Legislature governs in construction of statutes," *S.C. Mental Health Comm'n v. May*, 226 S.C. 108, 116, 83 S.E.2d 713, 717 (1954), and Defendants deny any characterization of the 2023 Act that is inconsistent with that intent.

97.     This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

98.     This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

99.     This Paragraph appears to accurately summarize the 2023 Act, but "the intent of the Legislature governs in construction of statutes," *S.C. Mental Health Comm'n v. May*, 226 S.C. 108, 116, 83 S.E.2d 713, 717 (1954), and Defendants deny any characterization of the 2023 Act that is inconsistent with that intent.

100.   This Paragraph appears to accurately summarize the 2023 Act, but "the intent of the Legislature governs in construction of statutes," *S.C. Mental Health Comm'n v. May*, 226 S.C. 108, 116, 83 S.E.2d 713, 717 (1954), and Defendants deny any characterization of the 2023 Act that is inconsistent with that intent.

101.   This Paragraph appears to accurately summarize the 2023 Act, but "the intent of the Legislature governs in construction of statutes," *S.C. Mental Health Comm'n v. May*, 226 S.C. 108, 116, 83 S.E.2d 713, 717 (1954), and Defendants deny any characterization of the 2023 Act that is inconsistent with that intent.

102.   Defendants deny the allegations in this Paragraph, the preceding heading, and footnote ten.

103.   Defendants deny the allegations in this Paragraph.

104.   Defendants deny the allegations in this Paragraph.

105.   Defendants deny the allegations in this Paragraph.

106.   Defendants deny the allegations in this Paragraph and the preceding heading.

107.   Defendants deny the allegations in this Paragraph.

108.   Defendants deny the allegations in this Paragraph.

109.   Defendants deny the allegations in this Paragraph.

110.   Defendants deny the allegations in this Paragraph.

111.   This Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph and the preceding heading.

112.   Defendants deny the allegations in this Paragraph.

113.   Defendants deny the allegations in this Paragraph.

114.   Defendants deny the allegations in this Paragraph.

115.   Defendants deny the allegations in this Paragraph.

116.   Defendants admit that some pregnancies may involve potentially dangerous conditions. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

117.   Defendants admit that some pregnancies may involve potentially dangerous

conditions and that some treatments for such conditions might endanger the unborn child. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

118.   Defendants deny the allegations in this Paragraph.

119.   Defendants deny the allegations in this Paragraph.

120.   Defendants deny the allegations in this Paragraph.

121.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

122.   Defendants deny the allegations in this Paragraph.

123.   Defendants deny the allegations in this Paragraph.

124.   Defendants deny the allegations in this Paragraph and footnotes eleven and twelve.

125.   Defendants deny the allegations in this Paragraph.

126.   Defendants deny the allegations in this Paragraph and footnote thirteen.

127.   Defendants deny this Paragraph to the extent it characterizes an abortion that is illegal under the 2023 Act as "care." Def Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny these allegations.

128.   Defendants deny the allegations in this Paragraph and footnotes fourteen and fifteen.

129.   Defendants deny the allegations in this Paragraph and footnote sixteen.

130.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and footnote seventeen and therefore deny these allegations.

131.   Defendants deny the allegations in this Paragraph and footnote eighteen.

132.   This Paragraph accurately quotes the 2023 Act. Except as expressly admitted,

Defendants deny the allegations in this Paragraph and the preceding heading.

133.   Defendants deny the allegations in this Paragraph.

134.   Defendants deny the allegations in this Paragraph.

135.   Defendants deny the allegations in this Paragraph.

136.   Defendants deny the allegations in this Paragraph.

137.   Defendants deny the allegations in this Paragraph.

138.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

139.   Defendants deny the allegations in this Paragraph.

140.   Defendants deny the allegations in this Paragraph.

141.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this Paragraph and footnote nineteen and therefore deny these allegations. Defendants deny the remaining allegations in this Paragraph.

142.   Defendants deny this Paragraph to the extent it characterizes an abortion that is illegal under the 2023 Act as "care." Defendants deny the allegations of footnote twenty. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny these allegations.

143.   Defendants deny this Paragraph to the extent it characterizes an abortion that is illegal under the 2023 Act as "care." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny these allegations.

144.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

145.   Defendants deny this Paragraph to the extent it characterizes an abortion that is illegal under the 2023 Act as "care." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny these allegations.

146.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

147.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

148.   Defendants deny the allegations in this Paragraph.

149.   Defendants deny the allegations in this Paragraph.

150.   Defendants deny the allegations in this Paragraph.

151.   Defendants deny the allegations in this Paragraph

152.   Defendants deny the allegations in this Paragraph and footnote twenty-one.

153.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

154.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

155.   Defendants deny the allegations in this Paragraph and footnote twenty-two.

156.   The allegations in this Paragraph and preceding heading relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny these allegations. Defendants deny the allegations in the preceding heading.

157.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

158.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

159.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

160.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

161.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

162.   The allegations in this Paragraph and the preceding heading relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations. Defendants deny the allegations in the preceding heading.

163.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

164.   The allegations in this Paragraph and footnote twenty-three relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, abortion statistics are reported by the Department of Public Health (formerly by the Department of Health and Environmental Control). Except as expressly admitted, Defendants deny the allegations in this Paragraph and footnote twenty-three.

165.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

166.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

167.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

168.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

169.   The allegations in this Paragraph and the preceding heading relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph and the preceding heading.

170.   The allegations in this Paragraph and footnotes twenty-four and twenty-five relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph and footnotes twenty-four

and twenty-five.

171.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, this Paragraph accurately quotes the 2023 Act. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

172.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

173.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

174.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

175.   The allegations in this Paragraph and footnote twenty-six relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, abortion statistics are reported by the Department of Public Health (formerly by the Department of Health and Environmental Control). Except as expressly admitted, Defendants deny the allegations in this Paragraph or footnote twenty-six.

176.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

177.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

178.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

179.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

180.   The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

181.   The allegations in this Paragraph and the preceding heading relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, the 2023 Act establishes certain exceptions to its general prohibition on ending unborn life after a fetal heartbeat is detected. Except as expressly admitted, Defendants deny the allegations in this Paragraph and the preceding heading.

182.   The allegations in this Paragraph and footnote twenty-seven relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, abortion statistics are reported by the Department of Public Health (formerly by the Department of Health and Environmental Control). Except as expressly admitted, Defendants deny the allegations in this Paragraph and footnote twenty-seven.

183.   The allegations in this Paragraph and footnotes twenty-eight and twenty-nine relate

to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, the 2023 Act does not prohibit IVF. Except as expressly admitted, Defendants deny the allegations in this Paragraph and footnotes twenty-eight and twenty-nine.

184.     The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

185.     The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

186.     The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

187.     The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

188.     The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

189.     The allegations in this Paragraph and the preceding heading relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph and the preceding heading.

190.     The allegations in this Paragraph and footnotes thirty, thirty-one, and thirty-two relate to a claim that has been dismissed and no response should therefore be required. To the

extent a response is necessary, Defendants deny the allegations in this Paragraph and footnotes thirty, thirty-one, and thirty-two.

191.    The allegations in this Paragraph and footnotes thirty-three and thirty-four relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph and footnotes thirty-three and thirty-four.

192.    The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

## Claims for Relief

193.    Defendants incorporate their responses to the previous Paragraphs. Defendants deny the allegations in this Paragraph.

194.    Defendants incorporate their responses to the previous Paragraphs.

195.    The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

196.    The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny these allegations.

197.    The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

198. The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

199. The allegations in this Paragraph relate to a claim that has been dismissed and no response should therefore be required. To the extent a response is necessary, Defendants deny the allegations in this Paragraph.

200. Defendants deny Paragraphs A through H of Plaintiffs' Prayer for Relief.

## FOR A SECOND DEFENSE

The Amended Complaint should be dismissed for failure to state a claim.

## FOR A THIRD DEFENSE

The Court lacks subject-matter jurisdiction.

## FOR A FOURTH DEFENSE

Plaintiffs are not entitled to injunctive relief of any kind because they are not likely to succeed on the merits, they cannot demonstrate irreparable harm, the balance of the equities does not tip in their favor, and an injunction would not be in the public interest.

## FOR A FIFTH DEFENSE

The 2023 Act does not violate the Fourteenth Amendment.

## FOR A SIXTH DEFENSE

Any unconstitutional part of the 2023 Act is severable.

## FOR A SEVENTH DEFENSE

Some or all of Plaintiffs' claims are barred by sovereign immunity.

## FOR AN EIGHTH DEFENSE

Plaintiffs have failed to join a necessary party.

### FOR A NINTH DEFENSE

Defendants affirmatively assert all defenses to which they are or may be entitled under 42 U.S.C. § 1983 and Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

### FOR A TENTH DEFENSE

Defendants adopt and incorporate by reference any applicable defenses asserted by other Defendants that are not otherwise specifically set forth herein.

### FOR AN ELEVENTH DEFENSE

Defendants reserve the right to amend their Answer and assert any further affirmative defenses at such time and to the extent warranted before, during, or after discovery or based on his investigation of the case or other relevant factual developments, and they hereby give notice of the intent to do so at the appropriate time.

**WHEREFORE,** having fully answered and otherwise responded to Plaintiffs' Amended Complaint, Defendants respectfully request that the Court dismiss Plaintiffs' Amended Complaint with prejudice or otherwise deny the relief sought, enter judgment in Defendants' favor on all counts, and award Defendants any relief that the Court deems equitable, just, and proper.

Respectfully submitted,

s/Thomas T. Hydrick
Robert D. Cook (Fed. Bar. No. 285)
*Solicitor General*
J. Emory Smith, Jr. (Fed. Bar. No. 3908)
*Deputy Solicitor General*
Thomas T. Hydrick (Fed. Bar. No. 13322)
*Asst. Dep. Solicitor General*
Joseph D. Spate (Fed. Bar. No. 13100)
*Asst. Dep. Solicitor General*
Benjamin M. McGrey (Fed Bar No. 14374)
*Asst. Dep. Solicitor General*
OFFICE OF THE
SOUTH CAROLINA ATTORNEY GENERAL
1000 Assembly St.
Columbia, South Carolina 29201
(803) 734-4127
rcook@scag.gov
esmith@scag.gov
thomashydrick@scag.gov
josephspate@scag.gov
benmcgrey@scag.gov

*Counsel for Attorney General Wilson and
Solicitors Pascoe, Weeks, Burch, Newman,
Barnette, Stumbo, Black, Hubbard, Clements,
Wilkins, Richardson, and Brackett*


May 21, 2025
Columbia, South Carolina

s/Wm. Grayson Lambert
Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
*Chief Legal Counsel*
Wm. Grayson Lambert (Fed. Bar No. 11761)
*Chief Deputy Legal Counsel &
Senior Litigation Counsel*
Erica W. Shedd (Fed. Bar No. 13206)
*Deputy Legal Counsel*
Tyra S. McBride (Fed. Bar No. 13324)
*Deputy Legal Counsel*
OFFICE OF THE GOVERNOR
South Carolina State House
1100 Gervais Street
Columbia, South Carolina 29201
(803) 734-2100
tlimehouse@governor.sc.gov
glambert@governor.sc.gov
eshedd@governor.sc.gov
tmcbride@governor.sc.gov

*Counsel for Governor McMaster*