IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Natalie Dawn Bingham, *et al.*, <br><br>　　　Plaintiffs, <br>　v. <br><br>Alan McRory Wilson, in his official capacity as Attorney General of South Carolina, *et al.*, <br><br>　　　*Defendants*, <br>　and <br><br>Henry Dargan McMaster, in his official capacity as Governor of the State of South Carolina, <br><br>　　　*Intervenor-Defendant*. | Case No. 2:25-cv-163-RMG <br><br><br>**ORDER AND OPINION** |

　　Before the Court is Defendants' motion for judgment on the pleadings. (Dkt. No. 105). Plaintiffs oppose the motion (Dkt. No. 107), and Defendants replied (Dkt. No. 109). For the reasons set forth below, Defendants' motion is denied.

**I.      Background**

　　Plaintiffs are five physicians who challenge South Carolina's Abortion Ban codified at S.C. Code Ann. §§ 44-41-610–690. (*See generally* Dkt. No. 10). Specifically, they allege the three exceptions to the Abortion Ban are unconstitutionally vague and "seek declaratory and injunctive relief from the Abortion Ban's infringement on their right to practice their faith under the Free Exercise Clause of the First Amendment, insofar as the Ban prevents them from providing abortions mandated by their deeply held religious beliefs." (*Id.* ¶ 11).

　　In the wake of *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), the South Carolina Legislature enacted a ban on abortions after nine weeks of pregnancy.  S.C. Code

Ann. §§ 44-41-610–690. The Act prohibits "perform[ing] or induc[ing] an abortion on a pregnant woman with the specific intent of causing or abetting an abortion" if an embryonic or "fetal heartbeat" has been detected on an ultrasound. *Id.* §§ 44-41-630(B), 44-41- 330(A). An individual who violates the Act is subject to felony conviction carrying a penalty of not more than two years in prison, a fine of ten thousand dollars, or both. *Id.* § 44-41-630(B). Individuals who receive an unlawful abortion (or their parent or guardian) may also seek injunctive relief against the abortion provider. *Id.* § 44- 41-680(C)(2). Abortion providers may also be subject to professional discipline, including loss of their medical license, for violation of the Act. *Id.* § 44-41-690. The Act contains three exceptions where abortions may be performed after nine weeks of pregnancy:

> (1) the "**Health Exception**," which exempts abortions performed "to prevent the death of the pregnant woman," where the physician determines that a "medical emergency" exists, or "to prevent the serious risk of a substantial or irreversible impairment of a major bodily function, not including psychological or emotional conditions." (S.C. Code Ann. § 44-41-640);
>
> **(2)** the "**Fatal Fetal Anomaly Exception**," which exempts abortions after a physician determines in his or her "reasonable medical judgment, the unborn child has a profound and irremediable congenital or chromosomal anomaly that, with or without the provision of life-preserving treatment, would be incompatible with sustaining life after birth." (*Id.* § 44-41-610(5)); and
>
> **(3)** the "**Rape or Incest Exception**," which allows a physician to "perform, induce, or attempt to perform or induce an abortion" if the pregnancy was the result of rape or incest and "the probable gestational age of the unborn child is not more than twelve weeks" after the first day of the patient's last menstrual period ("LMP") and where the physician "report[s] the allegation of rape or incest to the sheriff in the county in which the abortion was performed" within 24 hours of performing the abortion" including the patient's name and contact information." (*Id*. § 44-41-650).

Plaintiffs argue these exceptions "fail[] to provide adequate notice or guidance of when Plaintiffs can provide an abortion for a severe health risk or fatal fetal anomaly" and "infringe[] on their right to practice their faith under the Free Exercise Clause of the First Amendment, insofar

as the Ban prevents them from providing abortions mandated by their deeply held religious beliefs." (Dkt. No. 10 ¶¶ 10-11).

By prior order, the Court dismissed Plaintiffs' free exercise claim. *Bingham v. Wilson*, No. 2:25-CV-163-RMG, 2025 WL 1333342, at *4 (D.S.C. May 7, 2025). By contrast, the Court found that Plaintiffs stated plausible claims as to the Health and Fetal Anomaly Exceptions. *Id.* at *2–3.

Defendants now move for judgment on the pleadings as to Plaintiffs' vagueness challenge to the Health Exception. The motion is ripe and ready for this Court's review.

## II. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech.*, LLC, 2:13-CV-281-PMD, 2013 WL 4585873 at * 1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010)). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at * 2 (citations omitted).

Rule 12(c) motions limit the court's review to the pleadings and "the documents and exhibits attached to and incorporated into the pleadings." *Id.* at * 1 (citation omitted). *See also Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964). Like motions to dismiss, Rule 12(c) motions call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving

3

party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at * 2 (citation omitted).

### III.   Discussion

At bottom, Defendants argue that the Health Exception contains virtually identical language to that used in other states' abortion statutes. Defendants conclude that this proves that the Health Exception is not vague. *See, e.g.*, (Dkt. No. 105 at 4) (arguing many jurisdictions employ the "same language"). In response, Plaintiffs argue that the Health Exception lacks both a good faith exception and a scienter requirement, features that Plaintiffs contend render the law "unreasonable." (Dkt. No. 107 at 10) (citing *Colautti v. Franklin*, 439 U.S. 379, 395 (1979), abrogated on other grounds by *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022)).

"[L]aws imposing 'criminal penalties' . . . are subject to 'a stricter standard' " and require greater clarity than purely civil statutes. *See Carolina Youth Action Project; D.S. by & through Ford v. Wilson*, 60 F.4th 770, 781 (4th Cir. 2023) (first quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982); then citing *Manning v. Caldwell for City of Roanoke*, 930 F.2d 264, 272 (4th Cir. 2019) (en banc)). The Fourth Circuit has "emphasized that where a challenged statute 'imposes criminal penalties' . . . 'the standard of certainty is higher and the statute can be invalidated on its face even where it could conceivably have . . . some valid application.' " *Id.* at 781 (quoting *Martin v. Lloyd*, 700 F.3d 132, 135 (4th Cir. 2012)). Additionally, the Supreme Court has "recently rejected (twice[]) 'the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp.' " *Id.* at 786 (citations omitted).

The Court denies Defendants' motion for judgment on the pleadings. As the Court previously ruled in denying the Defendants' motion to dismiss, Plaintiffs have set forth a plausible

claim for relief at this stage of the litigation on the basis that the challenged portions of the statute are allegedly void for vagueness because they fail to provide Plaintiffs fair notice that their conduct may be forbidden by the statute. Defendants contest this claim, arguing that the statutory language provides sufficient notice to Plaintiffs. The statute regulates a complex area of medical practice where unpredictable and unexpected complications can arise rapidly. It is important in this setting that the Court have a sufficient factual record to evaluate the claims and defenses of the parties. Once the parties have had the opportunity to conduct full discovery, the Court will be in a far better position to evaluate the important issues in this case.[1]

### IV.     Conclusion

Given the foregoing, the Court **DENIES** Defendants' motion for judgment on the pleadings (Dkt. No. 105).

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

September 16, 2025
Charleston, South Carolina

---

[1] For example, Defendants argue that they are entitled to judgment on the pleadings because the Health Exception contains language like that used in other states' abortion statutes. By contrast, Plaintiffs argue that there are material differences between the Health Exception and said statutes. For the reasons noted herein, these arguments are best addressed later on a full record.