UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NATALIE DAWN BINGHAM, M.D., M.P.H., *et al.*, | ) <br> ) <br> ) |
| *Plaintiffs*, | ) CASE NO. 2:25-cv-00163-RMG <br> ) <br> ) |
| v. | ) <br> ) |
| ALAN McCRORY WILSON, in his official capacity as Attorney General of South Carolina, *et al.*, | ) <br> ) <br> ) <br> ) |
| *Defendants,* | ) <br> ) |
| and | ) <br> ) |
| HENRY DARGAN McMASTER, in his official capacity as Governor of the State of South Carolina, | ) <br> ) <br> ) <br> ) |
| *Intervenor-Defendant.* | ) |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS PLAINTIFF DR. KATEE L. WYANT**

Plaintiff Dr. Katee L. Wyant ("Dr. Wyant") moves to voluntarily dismiss herself from this case pursuant to Federal Rule of Civil Procedure 21. Dr. Wyant is withdrawing as a Plaintiff in this case because she will be ending her employment as an OB/GYN in South Carolina in March 2026, moving to another state for an employment opportunity there, and does not plan to return to South Carolina to practice. This Court should grant Plaintiff Dr. Wyant's motion because it would promote fairness and judicial economy, Defendants would suffer no prejudice from her being dismissed at this early stage in the case, dismissing Dr. Wyant as a Plaintiff would introduce no delay to the case, and there is no threat of duplicitous litigation or inconsistent jury verdicts. Plaintiffs have conferred with Defendants about this motion, and Defendants do not oppose the

relief sought but neither admit nor adopt any factual assertions or characterizations contained in this motion. Defendants intend to file a response to this motion.

## LEGAL STANDARD

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "In deciding whether to drop parties, add parties, or retain parties under Federal Rule of Civil Procedure 21, courts ordinarily consider basic principles such as fundamental fairness and judicial economy, whether an order under Federal Rule of Civil Procedure 21 would prejudice any party or would result in undue delay, and the threats of duplicitous litigation and inconsistent jury verdicts." *John S. Clark Co. v. Travelers Indem. Co. of Illinois*, 359 F. Supp. 2d 429, 440 (M.D.N.C. 2004). Whether to add or dismiss a party under Rule 21 is committed to the Court's sound discretion. *Urena v. Nationwide Ins. Co. of Am.*, No. 2:13-CV-03544-DCN, 2017 WL 735583, at *5 (D.S.C. Feb. 24, 2017), *amended*, No. 2:13-CV-3544 DCN, 2017 WL 3142517 (D.S.C. June 16, 2017).

## ARGUMENT

This Court should grant Plaintiff Dr. Wyant's motion because dismissing her from this case would promote fairness and judicial economy, would not prejudice Defendants or unduly delay the case, and would not lead to a threat of duplicitous litigation or inconsistent jury verdicts.

First, dismissing Plaintiff Dr. Wyant would promote fairness and judicial economy. Dr. Wyant no longer intends to participate in this lawsuit because she does not plan to return to South Carolina to practice, so dismissing her at this stage would prevent any further discovery related to her and promote efficiency.

Next, dismissal would not prejudice Defendants or unduly delay the case. Plaintiff Dr. Wyant promptly moved to dismiss herself from this case upon deciding to end her employment as

an OB/GYN in South Carolina for an employment opportunity in another state. Further, the close of discovery is over two months away, and no party has finished preparing for trial. Defendants have not yet deposed Plaintiff Dr. Wyant. Thus, Defendants have not incurred significant costs or burdens in litigating this case against Plaintiff Dr. Wyant. *See John S. Clark Co.*, 359 F. Supp. 2d at 441 (noting the prejudice to the plaintiff if certain defendants were dropped from the case because the plaintiff would incur "significant costs and additional expenses"). Additionally, Plaintiff notified Defendants of her intention to withdraw from the lawsuit in advance of the deadline to respond to the second set of written discovery requests. Therefore, dismissing Dr. Wyant as a Plaintiff at this time would not meaningfully disrupt discovery.

Finally, Plaintiff Dr. Wyant has no plans to return to South Carolina to practice, so she does not intend to pursue her claims against Defendants in a separate lawsuit. *See John S. Clark Co., Inc.*, 359 F. Supp. 2d 429, 441 (rejecting a Rule 21 motion where, if the court decided to drop certain defendants from the civil action, the plaintiff would likely present the same evidence of causation and damage in its state court action against those defendants, posing a threat of duplicitous litigation and inconsistent jury verdicts).

## **CONCLUSION**

For the foregoing reasons, Plaintiff Dr. Wyant respectfully requests that the Court grant the motion to dismiss her as a party pursuant to Federal Rule of Civil Procedure 21.

Dated: January 6, 2026

Respectfully submitted,

*/s/ John L. Warren III*
William N. Nettles (Fed. ID No.: 6586)
John L. Warren, III (Fed. ID No.: 12164)
LAW OFFICE OF BILL NETTLES
2008 Lincoln Street
Columbia, SC 29201
Phone: (803) 814-2826
bill@billnettleslaw.com
jw@billnettleslaw.com

Rupali Sharma*
LAWYERING PROJECT
443 Western Ave., No. 1025
South Portland, ME 04106
Phone: (646) 490-1219
Fax: (646) 480-8622
rsharma@lawyeringproject.org

Paige Suelzle*
LAWYERING PROJECT
300 Lenora St., No. 1147
Seattle, WA 98121
Phone: (347) 515-6073
Fax: (646) 480-8622
psuelzle@lawyeringproject.org

Allison Zimmer*
LAWYERING PROJECT
900 Camp Street, 3rd Fl., #1197
New Orleans, LA 70122
Phone: (347) 515-6074
Fax: (646) 480-8622
azimmer@lawyeringproject.org

*Admitted *Pro Hac Vice*
*Attorneys for Plaintiffs*