IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Natalie Dawn Bingham, *et al.*, | Case No. 2:25-cv-163-RMG |
| Plaintiffs, | |
| v. | **ORDER** |
| Alan McCrory Wilson, in his official capacity as Attorney General of South Carolina, *et al.*, | |
| Defendants, | |
| and | |
| Henry Dargan McMaster, in his official capacity as Governor of South Carolina, | |
| Intervenor-Defendant. | |

This matter is before the Court on Defendants' motion to compel additional responses from two Plaintiffs, Dr. Jane Doe and Dr. Natalie Bingham. (Dkt. No. 136). Plaintiffs have filed a response in opposition and Defendants have filed a reply. (Dkt. Nos. 138, 139). The Court grants in part and denies in part the motion to compel.

**I. Background**

This case involves a challenge to portions of the Fetal Heartbeat and Protection from Abortion Act ("Act"), S.C. Code §§ 44-41-610 to 690, which Plaintiffs argue is unconstitutionally vague. The Act, which was adopted in 2023, exempts abortions performed to "prevent the death of the pregnant woman" and "to prevent the serious risk of a substantial or irreversible impairment of a major bodily function." S.C. Code § 44-41-640. The Act further exempts abortions where the fetus is determined to have a fatal fetal anomaly that "would be incompatible with sustaining life after birth." S.C. Code § 44-41-610(5). The Act imposes a criminal penalty of up to two years imprisonment for violation of the statute. § S.C. Code § 44-41-660(C).

1

Plaintiffs, both ob-gyns, assert that the terms "serious risk" and "substantial and irreversible impairment of a major bodily function" under the Health Exception of the Act are standardless and difficult to apply in medical practice. They also assert that the terms "incompatible" and "sustaining life" provide no meaningful standard when addressing the Fatal Fetal Anomaly Exception under the Act.

Defendants propounded six different interrogatories related to Dr. Doe's and Dr. Bingham's alleged difficulties in applying the Act in their medical practices. These included interrogatories related to the number of abortions each had performed under the Health Exception and Fatal Fetal Anomaly Exceptions (Interrogatory 15), an explanation regarding how each applied her medical judgment to each exception (Interrogatory 16), instances when they each was unable to determine whether an exception applied (Interrogatory 17), an explanation regarding why each was unable to determine whether an exception applied (Interrogatory 18), the number of instances in which each was unable to determine if an exception applied (Interrogatory 19), an explanation regarding why each determined an exception did not apply (Interrogatory 20), and the number of abortions each performed under the previous statute adopted in 2016 (Interrogatory 21).

Both Dr. Doe and Dr. Bingham asserted several general objections to Interrogatories 15-20 but then represented that they fully responded to each of these discovery requests to the best of their recollections. (Dkt. Nos. 136-1, 136-2, 138 at 4). For instance, Dr. Doe recalled seven instances where she provided an abortion under the Health Exception and gave brief summaries of the circumstances of each of those patients. (Dkt. No. 136-1 at 4).[1] Dr. Doe identified nine patients

---

[1] For instance, Dr. Doe explained that one patient had a "history of cardiomyopathy, chronic kidney disease, significantly elevated blood pressure, and an ejection fraction of 40%, demonstrating heart failure." (Dkt. No. 136-1 at 4).

who received abortions after she diagnosed the presence of a fatal fetal anomaly. (*Id*. at 5). Dr. Doe identified certain situations where she was unable to apply one of the exceptions, which included situations where a pregnant patient had a new diagnosis of breast cancer but could not receive chemotherapy because it would injure the fetus, and a patient with a history of pulmonary embolisms that placed her at risk of life threatening blood clots. (*Id.* at 7-8). The Court finds Dr. Doe's recollections were responsive to Interrogatories 15-20.

Dr. Bingham's responses were somewhat different in substance to Dr. Doe's because she stated that she had performed no abortions that fell within one of the statutory exceptions. (Dkt. No. 136-2 at 2-11). Dr. Bingham explained that she was unable to determine if a health exception applied because of the vagueness of the statutory language. She also stated that she did not normally treat patients with fetal anomalies because they were referred to a maternal fetal health specialist. (*Id*. at 2). Dr. Bingham stated that she frequently encountered instances where she and her colleagues could not determine if a health exception applied to a particular patient's medical condition and declined to perform an abortion because she feared that her judgment would be second guessed. (*Id*. at 3-4). The Court finds Dr. Bingham's recollections were responsive to Interrogatories 15-20.

Both Dr. Doe and Dr. Bingham objected to Interrogatory 21, which sought the number of abortions each performed under the 2016 version of the state abortion statute. They asserted that the information requested was overbroad, burdensome, and was not reasonably calculated to produce relevant information relating to their challenge to the 2023 statute. (Dkt. Nos. 136-1 at 13; 136-2 at 11). Unlike their responses to Interrogatories 15-20, neither Dr. Doe nor Dr. Bingham provided a substantive response to Interrogatory 21.

## II. Standard

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'"). The court "must limit the frequency or extent of discovery ... if it determines that [] the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("[C]ourts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

## III. Discussion

### A. Defendant's Objections to Dr. Doe's and Dr. Bingham's Responses to Interrogatories 15-20:

Defendants contend that Dr. Doe's and Dr. Bingham's responses are insufficient because they "are entitled to know about every time that Doe and Bingham have applied or considered these exceptions." (Dkt. No. 136 at 2). Said differently, Defendants insist Dr. Doe and Dr. Bingham must provide more detail. Defendants argue that this alleged lack of detail demonstrates the need to subpoena the medical records of the Dr. Doe's and Dr. Bingham's patients. (*Id*. at 8).

4

Defendants appear to misapprehend the issues in contest in this case. Drs. Doe and Bingham are not on trial. They assert that the challenged Act presents unreasonable difficulties in making determinations concerning whether an exception applies under the Act and have collectively provided a number of examples where they have encountered difficulties in their medical practices due to the statutory language and possible criminal penalties associated with violation of the Act. Defendants have every right to offer other practitioners who may offer a different view of the Act and its exceptions. There is no need to require physicians on either side of this issue to provide detailed accounts of each abortion in which they participated and there is certainly no need to provide the private medical records of their patients.

The Court finds that Dr. Doe and Dr. Bingham have satisfactorily responded to Interrogatories 15-20 and overrules Defendants' objections.[2]

**B. Defendants' Objections to Dr. Doe's and Dr. Bingham's Responses to Interrogatory 21:**

Defendants object to the failure of Dr. Doe and Dr. Bingham to respond to Interrogatory 21, which seeks information on the number of abortions these doctors performed under the Health Exception and Fatal Fetal Anomaly Exception of the 2016 statute. Plaintiffs argue undue burden and contend that the earlier statutory language is not relevant to their present challenge. (Dkt. Nos. 136-1 at 13, 136-2 at 11).

Defendants argue that the 2016 statute and the 2023 Act under challenge have some similar statutory language. Plaintiffs argue that there are important differences in the statutes and circumstances relating to the two statutes. At this point, it seems reasonable for Dr. Doe and Dr.

---

[2] Defendants also object to the general objections asserted by Dr. Doe and Dr. Bingham before responding to Interrogatories 15-20. Plaintiffs have made it clear that notwithstanding these general objections, Dr. Doe and Dr. Bingham provided full responses of their recollections concerning each interrogatory. (Dkt. No. 138 at 4). The Court overrules this objection.

Bingham to provide their best recollections of instances, if any, where they were required to perform an abortion under one of the exceptions under the 2016 statute. A determination of the relevance of that information and its materiality to the present challenge can be determined later, but at this point Dr. Doe and Dr. Bingham need to respond to Interrogatory 21.

### IV. Conclusion

Based on the foregoing, the Court **GRANTS** in part and **DENIES** in part the motion to compel. (Dkt. No. 136). The Court denies Defendants' motion to compel regarding Interrogatories 15-20 and grants the motion to compel regarding Interrogatory 21.

                                           s/ Richard Mark Gergel
                                           Richard Mark Gergel
                                           United States District Judge

March 4, 2026
Charleston, South Carolina