**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| NATALIE DAWN BINGHAM, M.D., M.P.H., *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | CASE NO. 2:25-cv-00163-RMG |
| v. | ) ) | |
| ALAN McCRORY WILSON, in his official capacity as Attorney General of South Carolina, *et al.*, | ) ) ) ) ) | Amended Confidentiality Order |
| *Defendants,* | ) ) | |
| and | ) ) | |
| HENRY DARGAN McMASTER, in his official capacity as Governor of the State of South Carolina, | ) ) ) ) | |
| *Intervenor-Defendant.* | ) | |

Whereas, the parties to this Amended Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order, and have agreed to vacate and replace the Confidentiality Order entered by this Court on July 8, 2025, ECF No. 102, with the terms contained in this Amended Confidentiality Order; accordingly, it is this 6th  day of May, 2026, ORDERED:

1.     **Scope.**  All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning Confidential and Attorneys' Eyes Only information as set forth below.

2.     **Form and Timing of Designation.**

a.     Confidential documents shall be so designated by placing or affixing the word

1

"CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as Confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

b.      Attorneys' Eyes Only documents shall be so designated by placing or affixing the words "ATTORNEYS' EYES ONLY" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Attorneys' Eyes Only designation. Documents shall be designated Attorneys' Eyes Only prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as Attorneys' Eyes Only shall not be deemed a waiver, in whole or in part, of the right to designate documents as Attorneys' Eyes Only as otherwise allowed by this Order.

3.      **Documents Which May be Designated Confidential or Attorneys' Eyes Only.** Any party or third party required to produce or agreeing to produce documents and data in this case ("Producing Party"), including in response to third-party subpoenas or requests issued, may designate documents as Confidential or Attorneys' Eyes Only.

Counsel for the Parties to the above-captioned litigation or third parties producing documents may designate documents Confidential or Attorneys' Eyes Only only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL or ATTORNEYS' EYES ONLY must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice*

2

information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A and/or D, respectively, which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as Confidential or Attorneys' Eyes Only.

The parties stipulate that discovery in this case may also require the production of protected health information ("PHI") that is protected by the Health Insurance Portability and Accountability Act of 1996, as amended (see Pub. L. 104-191, 110 Stat. 1936; Pub. L. 111-5, 123 Stat. 115) ("HIPAA"), and regulations promulgated thereunder, specifically 45 C.F.R. §§ 164.512(e)(1)(ii)(B) and 164.512(e)(1)(v). For the purposes of this Amended Confidentiality Order, PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, PHI refers to individually identifiable health information, including demographic information, collected from an individual, that: (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (2) relates to the past, present or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual, and (i) that identifies the individual, or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual. See 45 C.F.R. § 160.103.

With respect to the identity of any Pseudonymous Plaintiff(s), upon request, Plaintiffs will disclose to Defendants' counsel the legal name of the Pseudonymous Plaintiff(s). The parties shall

---

admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

treat the legal name and identity of the Pseudonymous Plaintiff(s) as Confidential.

For the purposes of this Amended Confidentiality Order, "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" are defined as follows:

a. "CONFIDENTIAL" documents are those that contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.

b. "ATTORNEYS' EYES ONLY" documents are those that arguably contain PHI or information that the Producing Party or Counsel for the Parties in the above-captioned litigation reasonably and in good faith believes is so highly sensitive that its disclosure could result in significant competitive or commercial disadvantage or personal harm to the designating party or, with regard to documents in the possession, custody, or control of a third party, could result in competitive or commercial disadvantage or personal harm to any other person or entity or is statutorily protected from disclosure.

4.    **Depositions.**  Portions of depositions shall be deemed Confidential or Attorneys' Eyes Only only if designated as such when the deposition is taken or within seven business days after receipt of the transcript.  Such designation shall be specific as to the portions to be protected.

5.    **Protection of Confidential and Attorneys' Eyes Only Material.**

a.    **General Protections for Confidential Information.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.c.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b.    **General Protections for Attorneys' Eyes Only Material.** Documents designated ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the counsel for

the parties or any other persons identified below (¶ 5.d.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). Attorneys' Eyes Only information will not be disclosed to any party to the litigation or employee of any party.

c.     **Limited Third Party Disclosures for Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1)     counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)     parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

(3)     court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)     consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto.  Counsel shall retain the certification together with the form signed by the party or employee.

preparation and trial of the lawsuit; and

      (5)     other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

      d.     **Limited Third-Party Disclosures for Attorneys' Eyes Only Information.** The counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS' EYES ONLY under the terms of this Order to any other persons or entity except as set forth in subparagraphs (1)-(2) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment E hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated as ATTORNEYS' EYES ONLY pursuant to this Order:

      (1)     counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit; and

      (2)     counsel for the Producing Party of the information designated ATTORNEYS' EYES ONLY.

      e.     **Control of Documents.**  Counsel for the parties shall take reasonable efforts to prevent **unauthorized** disclosure of documents designated as Confidential or Attorneys' Eyes Only pursuant to the terms of this order.  Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

      f.     **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential or Attorneys' Eyes Only under this Order or any portion of such a document, shall be immediately affixed with the

designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," respectively if that language does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential and/or Attorneys' Eyes Only Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as Confidential and/or Attorneys' Eyes Only; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or

such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as Confidential or Attorneys' Eyes Only to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

7. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential or Attorneys' Eyes Only.** Any

7

CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designation is subject to challenge. The following procedures shall apply to any such challenge.

a.     The burden of proving the necessity of a Confidential and/or Attorneys' Eyes Only designation remains with the party or third party asserting confidentiality.

b.     A party who contends that documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY are not entitled to Confidential or Attorneys' Eyes Only treatment shall give written notice to the party or third party who affixed the designation of the specific basis for the challenge. The party or third party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential or Attorneys' Eyes Only designation.

Notwithstanding any challenge to the designation of documents as Confidential or Attorney's Eyes Only, all material previously designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)     the party or third party who claims that the documents are Confidential or Attorneys' Eyes Only withdraws such designation in writing, in such case, the Producing Party must produce new versions of the documents removing the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designation;

(2)     the party who claims that the documents are Confidential or Attorneys' Eyes Only fails to move timely for an Order designating the documents as Confidential or Attorneys' Eyes Only as set forth in paragraph 8.b. above; or

(3)     the court rules that the documents should no longer be designated as Confidential or Attorneys' Eyes Only information.

c.     Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.     **Treatment on Conclusion of Litigation.**

a.     **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.     **Return of Confidential and/or Attorneys' Eyes Only Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as Confidential or Attorneys' Eyes Only under this Order, including copies as defined above (¶5.f.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY so long as that work product does not duplicate verbatim substantial portions of the text of Confidential and/or Attorneys' Eyes Only documents. This work product continues to be Confidential and/or Attorneys' Eyes Only under the terms of this Order. Confidential and Attorneys' Eyes Only information shall not be used in any litigation or otherwise disclosed other than the above-captioned litigation and as provided herein.

10.     **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not,

9

however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11.     **No Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

12.     **Qualified Protective Order.** This Order is intended to constitute a "qualified protective order" within the meaning of 45 F.C.R. § 164.512(e)(1)(v).

13.     **Application of State Law.**  If any application of this Order conflicts with a provision of state law, the parties agree to meet and confer to resolve any potential conflict and, if necessary, to seek a court order to ensure compliance with state law.

14.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
RICHARD M. GERGEL
UNITED STATES DISTRICT JUDGE

May 6, 2026
Charleston, South Carolina

10

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| NATALIE DAWN BINGHAM, M.D., M.P.H., *et al.*, | ) ) ) | |
| | ) | CASE NO. 2:25-cv-0163-MG |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Certification by Counsel of Designation of Information as |
| ALAN McCRORY WILSON, in his official capacity as Attorney General of South Carolina, *et al.*, | ) ) ) ) | Confidential |
| | ) | |
| *Defendants,* | ) ) | |
| and | ) ) | |
| HENRY DARGAN McMASTER, in his official capacity as Governor of the State of South Carolina, | ) ) ) ) | |
| | ) | |
| *Intervenor-Defendant.* | ) | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Amended Confidentiality Order entered in this action which Order is dated [confidentiality order date].

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3.a. of the Amended Confidentiality Order.

Check and complete one of the two options below.

❑       I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❑       I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states.  The state in which I conduct the majority of my practice is [state in which I practice most] where my

11

where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date:  [date attachment A signed]                [Signature of Counsel [s/name]]

                                                       Signature of Counsel


                                                       [Printed Name of Counsel [A]]

                                                       Printed Name of Counsel

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| NATALIE DAWN BINGHAM, M.D., M.P.H., *et al.*, | ) ) ) | |
| | ) | CASE NO. 2:25-cv-0163-MG |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Acknowledgment of Understanding and |
| ALAN McCRORY WILSON, in his official capacity as Attorney General of South Carolina, *et al.*, | ) ) ) ) | Agreement to be Bound |
| *Defendants,* | ) ) | |
| and | ) ) | |
| HENRY DARGAN McMASTER, in his official capacity as Governor of the State of South Carolina, | ) ) ) ) | |
| *Intervenor-Defendant.* | ) ) | |

The undersigned hereby acknowledges that he or she has read the Amended Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Amended Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Amended Confidentiality Order may result in penalties for contempt of court.

Name:          [undersigned name [att B]]

Job Title:     [Job Title [att B]

13

Employer:   [Employer [att B]]

Business Address:  [Business Address[att B]]


Date: **[date attachment B signed]** [Signature [attachment B]]
           Signature

**ATTACHMENT C**

**CERTIFICATION OF COUNSEL OF NEED
FOR ASSISTANCE OF PARTY/EMPLOYEE**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| NATALIE DAWN BINGHAM, M.D., M.P.H., *et al.*, | ) ) ) | |
| | ) | CASE NO. 2:25-cv-0163-MG |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Certification of Counsel of Need for Assistance of Party/Employee |
| ALAN McCRORY WILSON, in his official capacity as Attorney General of South Carolina, *et al.*, | ) ) ) ) | |
| *Defendants,* | ) ) | |
| and | ) ) | |
| HENRY DARGAN McMASTER, in his official capacity as Governor of the State of South Carolina, | ) ) ) ) | |
| *Intervenor-Defendant.* | ) ) | |

Pursuant to the Amended Confidentiality Order entered in this action, most particularly the provisions of Paragraph 5.c.2., I certify that the assistance of [name of assistant [att C]] is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Amended Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑     A named party;

❑     An employee of named party [employee of named party]. This employee's job

15

title is [employee's job title] and work address is [employee's work address].


Date:  **[date attachment C signed]**                [Signature [attachment C]]
                                                              Signature

16

**ATTACHMENT D**

**CERTIFICATION BY COUNSEL OF DESIGNATION
OF INFORMATION AS ATTORNEYS' EYES ONLY**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NATALIE DAWN BINGHAM, M.D., M.P.H., *et al.*, )<br><br>*Plaintiffs*, )<br><br>v. )<br><br>ALAN McCRORY WILSON, in his official capacity as Attorney General of South Carolina, *et al.*, )<br><br>*Defendants*, )<br><br>and )<br><br>HENRY DARGAN McMASTER, in his official capacity as Governor of the State of South Carolina, )<br><br>*Intervenor-Defendant.* ) | CASE NO. 2:25-cv-0163-MG<br><br>Certification by Counsel of Designation of Information as ATTORNEYS' EYES ONLY |

Documents produced herewith **[whose Bates numbers are listed below (or) which are listed on the attached index]** have been marked as ATTORNEYS' EYES ONLY subject to the Amended Confidentiality Order entered in this action which Order is dated [confidentiality order date].

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3.b. of the Amended Confidentiality Order.

Check and complete one of the two options below.

❑    I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❑    I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification

17

I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date:   [date attachment D signed]                    [Signature of Counsel [s/name]]
                                                       Signature of Counsel

                                                       [Printed Name of Counsel [D]]
                                                       Printed Name of Counsel

**ATTACHMENT E**

**ACKNOWLEDGEMENT OF UNDERSTANDING AND
AGREEMENT TO BE BOUND**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| NATALIE DAWN BINGHAM, M.D., M.P.H., *et al.*, | ) |
| | ) |
| | )   CASE NO. 2:25-cv-0163-MG |
| *Plaintiffs*, | ) |
| | ) |
| v. | )   Acknowledgement of |
| | )   Understanding and Agreement to |
| ALAN McCRORY WILSON, in his official capacity as Attorney General of South Carolina, *et al.*, | )   be Bound |
| | ) |
| | ) |
| | ) |
| *Defendants*, | ) |
| | ) |
| and | ) |
| | ) |
| HENRY DARGAN McMASTER, in his official capacity as Governor of the State of South Carolina, | ) |
| | ) |
| | ) |
| | ) |
| *Intervenor-Defendant.* | ) |

The undersigned hereby acknowledges that he or she has read the Amended Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Amended Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated ATTORNEYS' EYES ONLY solely for the purposes of the above-captioned action, and not to disclose any such ATTORNEYS' EYES ONLY information to any other person, firm or concern.

The undersigned acknowledges that violation of the Amended Confidentiality Order may result in penalties for contempt of court.

Name:             [undersigned name [att E]]

Job Title:        [Job Title [att E]]

Employer:      [Employer [att E]]

19

Business Address:       [Business Address [att E]]

Date:   **[date attachment E signed]**                [Signature [attachment E]]
                                                       Signature